

Telephone: (202) 991-1101
Toll Free: (855) 987-DEBT

Licensed in DC, VA,
MD, FL and NV

April 1, 2026

**VIA ELECTRONIC MAIL**
Life Stride, Inc.
c/o Leonard Lucas
llucas@life-stride.com

**Re: Engagement of The Belmont Firm**

Dear Leonard:

Thank you for engaging The VerStandig Law Firm, LLC d/b/a The Belmont Firm to represent you as legal counsel. We look forward to personally working with you and appreciate the confidence you are placing in my law firm. In an effort to ensure we are in agreement concerning the scope and details of this representation, please review the following terms and, if you find the same agreeable, return a countersigned copy of this letter to my attention.

1.      **Scope of Services**. The Belmont Firm (the "Firm") will represent Life Stride, Inc. ("Life Stride"), as general reorganization counsel in connection with your Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Columbia. The Firm's representation will be limited to this bankruptcy case and its administration, inclusive of any adversary proceedings. The representation is expressly contingent upon the court granting an application, made by the Firm, to serve as counsel for Life Stride; if such an application is not granted, this agreement will be void.

2.      **Exclusion of Personal Representation.** The Firm and I will not represent you in your individual capacity, nor in your capacity as the equity holder of the aforementioned entity. To the contrary, I will be happy to refer you to separate counsel, unaffiliated with the Firm, who can advise you in your personal capacity.

3.      **Billable Time and Time Entry.** Time spent working on this matter will be billed at the partner rate of Six Hundred Dollars and No Cents ($600.00) per hour and the associate rate of Three Hundred Dollars and No Cents ($300.00) per hour, and the paralegal rate of One Hundred Dollars and No Cents ($100.00) per hour, with all time recorded in increments of one-tenth (1/10) of an hour and all time entries rounded up to the next increment of one-tenth (1/10) of an hour. The Firm's rates may change from time to time, and should such a change occur you will be notified of the same in writing at least one month before the changed rate goes into effect.



4.      **Billable Events.** Any and all activities conducted by the professional members of our staff, including, but not limited to, the making and receipt of telephone calls; drafting and review of correspondence and electronic mail; preparation and review of pleadings, papers, agreements and memoranda; fact investigation; legal research; reading and analyzing written materials; preparation for meetings and court appearances; conferences with you, experts, courthouse personnel, and/or other attorneys; and analysis of pertinent issues, will be considered as billable time.

5.      **Retainer.** You have agreed to tender a retainer in the amount of **Twenty Thousand Dollars and No Cents ($20,000.00)**. This retainer will be held in trust pending (i) withdrawal of monies to pay the Firm's pre-filing fees, which will occur shortly before bankruptcy proceedings are filled; and (ii) withdrawal of monies to pay the Firm's post-filing invoices, which will only occur after the first to occur of (a) approval being granted from the United States Bankruptcy Court for the District of Columbia; or (b) the bankruptcy case being concluded in a manner that does not require further leave of court for fees to be taken when entered.

6.      **Statements and Payments.** Statements indicating the nature of the services performed, time spent, and costs incurred will be forwarded to you periodically via electronic mail, at the address indicated at the top of this correspondence. Payment of all amounts invoiced is due upon receipt or as directed by court order, where applicable. Questions or objections to any statement for services rendered or costs advanced must be raised within thirty (30) days of receipt, or you will be deemed to have approved the statement.

7.      **Division of Responsibilities.** The Firm will endeavor to consult with you throughout the progression of this matter and to ensure you remain informed as to all key aspects of the matter. The Firm will not, however, seek your review of, or input on, every document that is prepared or filed, or in connection with every element of case management or trial strategy.

8.      **Duration and Termination.** It is impossible to project the amount of time that will be devoted by the Firm to your needs.  However, if at any time you decide that you desire that we cease further activity on your behalf, you should notify the Firm in writing. If your case has already been filed, we will need judicial permission to cease work on your matter. If your case has not been filed, we will be able to cease work immediately upon receiving your notification. Copies of all pertinent papers in your file will be turned over to you or to any attorney of your selection at your request.

9.      **Withdrawal.** The Firm and I may withdraw as counsel, terminate this agreement, and be relieved of the responsibility of performing further work on your behalf, by notifying you in writing and, if your case has already been filed, by receiving judicial approval. Reasons for such termination may include, but are not limited to, failure to pay fees or expenses under the terms of this agreement in a timely manner, failure to cooperate with the Firm in preparation and/or prosecution of your legal needs, reasons mandated by the rules of professional conduct governing lawyers, a significant disagreement as to legal strategy, or discovery of – or analysis of – facts and/or law which leads the Firm to conclude that your matter should not be pursued. You agree to



execute such documents as will permit the Firm to withdrawal from representing you and you agree to pay any remaining balance owed on your account at the time of such withdrawal.

10. **File Retention.** After the Firm's representation of you has ended, whether or not you have requested your file or any part of it, the Firm may request that you or an authorized representative pick up your files or documents that have been produced during the course of the representation. Absent circumstances where the Firm specifically agrees, in writing, to hold certain documents for you agree to retrieve all documents within ninety (90) days of the termination or expiration of your matter. If you do not want us to return these to you, please be advised that we may destroy all paper copies other than those original paper copies that we determine, in our sole and absolute judgment, must be maintained. In addition, if we have not heard back from you after the ninety (90) day period has passed, the Firm will assume that you have no objections to the destruction of your files or documents. The foregoing notwithstanding, the Firm may create an electronic copy of part or all of the file, including the Firm's work product, and may, at its sole election, retain the same in perpetuity.

11. **Publicity.** While the Firm will hold in confidence all aspects of this matter protected by the attorney/client privilege, absent your express consent to the contrary, you do hereby grant the Firm approval to advertise the mere fact that it does – or has – served as your counsel.

12. **Disputes**. Should any disputes arise between you and the Firm, we will work to resolve the same amicably and cordially. However, should it become necessary for any legal action to be taken, whether in connection with the collection of fees or in connection with any other matter included in this agreement or related to the subject matter of this agreement, you agree that the sole venue for such action shall be the bankruptcy court in which your case is pending or, if that court is without jurisdiction for any reason (and only if that court is without jurisdiction), the state or federal court sitting in Washington, District of Columbia, and you irrevocably consent to the personal jurisdiction of those venues.

13. **Modification.** This agreement may not be modified except in a writing executed in a manner of equal or greater dignity than that with which this agreement is itself executed.

14. **Previous Agreements.** This agreement supersedes any and all previous agreements governing your legal representation.

15. **Court Approval.** As noted above, this agreement is expressly contingent upon the Firm's application to serve as counsel for your company being approved by the United States Bankruptcy Court for the District of Columbia. If that application is not approved, this agreement shall be void. To the extent any provision of this agreement conflicts with the terms upon which the application is approved or any governing law, the terms and/or governing law shall control. If any provisions of this agreement is found to be unenforceable, the rest of this agreement shall nonetheless survive as though the unenforceable provision was not a part of this agreement.



Please countersign this letter in the space provided below for your signature to acknowledge acceptance of the terms and conditions of this engagement. **Upon receipt of this countersigned letter and your retainer, we will commence services on your matter.**

On behalf of the Firm, and holding aside the formality of this letter, we look forward to working with you and assisting you through the bankruptcy process.

Sincerely,

Maurice "Mac" VerStandig, Esq.
*For the Firm*

Read and Accepted:

Life Stride, Inc.

_____[SEAL]                    4/2/2026
CEFAF55F28D742C...                                    _____.
**By: Leonard Lucas**                                **Date**
**Its: Authorized Agent**