Christianna A. Cathcart, Esq.
Bar No. ND0008
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Proposed Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 26-00183 |
| | ) | (Chapter 11) |
| Life Stride, Inc | ) | |
| | ) | |
| Debtor. | ) | |

## MOTION FOR LEAVE TO USE CASH COLLATERAL

Comes now Life Stride, Inc. ("Life Stride" or the "Debtor"), by and through undersigned proposed counsel, pursuant to Sections 363 of Title 11 of the United States Code and Federal Rules of Bankruptcy Procedure 6003 and 6004, and move this Honorable Court for leave to use cash collateral on an interim and final basis, and in support thereof state as follows:

### I.    Introduction

The Debtor, Life Stride, Inc. was founded with a clear and urgent mission: to provide accessible mental health services to individuals throughout the Washington, DC community. Since its inception, Life Stride has built an effective and essential care model, delivering critical support to a vulnerable population that relies on continuity, stability, and expert oversight. Although the Debtor now finds itself in chapter 11, the core business remains viable, operational, and vital to the community it serves.

1

That operation, however, requires liquidity. The Debtor's revenue—generated primarily through the delivery of healthcare services and the collection of accounts receivable—constitutes property of the estate and, to the extent subject to the security interest of the U.S. Small Business Administration (the "SBA"), may be considered cash collateral under section 363 of the Bankruptcy Code. Continued access to these funds is not just appropriate—it is essential. Without such access, the Debtor would be unable to maintain staffing levels, meet regulatory obligations, or ensure uninterrupted patient care.

## II.    Standard

The permitting of cash collateral usage is also specifically contemplated by the Bankruptcy Code, which provides:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

The Federal Rule of Bankruptcy Procedure openly contemplate relief, such as that sought herein, being afforded on an emergency basis upon the commencement of a case, permitting orders to be entered during the first 21 days of a given case, "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.

## III.    Argument: The Debtors Should be Permitted to Use Cash Collateral

The Debtor seeks authority to use cash collateral on an interim and final basis, together with appropriate adequate protection, in order to maintain operations and preserve the value of the estate. The Debtor continues to operate in the ordinary course, generating revenue through the provision of mental health services, and those revenues—primarily accounts receivable and their

proceeds—may constitute cash collateral[1] to the extent subject to any valid and perfected security interest of the SBA.

As noted by the United States Court of Appeals for the Eleventh Circuit, "Adequate protection is a means of preserving a creditor's interest in secured collateral subject to post-petition use by the debtor." *In re Carpet Center Leasing Co., Inc.*, 991 F.2d 682, 686 (11th Cir. 1993). What constitutes adequate protection is determined on a case-by-case basis. *See In re O'Connor*, 808 F.2d 1393, 1396-97 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985).

Simply stated, adequate protection is necessary only to the extent the use of the creditor's collateral will result in a decrease in "the value of such entity's interest in such property." 11 U.S.C. §§ 361, 363(e). *See also United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370-73 (1988) (the "interest in property" entitled to protection is "the value of the collateral" securing the claim).

Section 361 of the Bankruptcy Code provides that adequate protection may be provided by (i) "requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the … use … under section 363 of this title … results in a decrease in the value of such entity's interest in such property," (ii) "providing … an additional or replacement lien to the extent that such … use … results in a decrease in the value of such entity's interest in such property," or (iii) "granting such other relief . . . as will result in the realization by [an] entity of the indubitable equivalent of [the] entity's interest in such property." 11 U.S.C. § 361. *See also*, *In re JKJ*

---

[1] The Debtor is not aware of any account control agreement in favor of the U.S. Small Business Administration or any other creditor with respect to the Debtor's deposit accounts. Accordingly, to the extent any party asserts an interest in cash collateral, such interest appears to arise, if at all, from receivables and their proceeds. The Debtor expressly reserves all rights with respect to the validity, extent, priority, and perfection of any such asserted liens.

*Chevrolet, Inc.*, 190 B.R. 542, 545–46 (Bankr. E.D. Va. 1995), subsequently aff'd, 117 F.3d 1413 (4th Cir. 1997) ("Section 361 of the Code provides three non-exclusive means of providing adequate protection. These alternatives include requiring the debtor to make a cash payment or periodic cash payments to the extent of a decrease in the value of the property. Alternatively, the debtor may provide an additional or replacement lien to the extent of a decrease in the value of the property. Lastly, adequate protection may be provided by granting other relief that will result in the indubitable equivalent of the interest in the property.") (citing 11 U.S.C. § 361(3)).

Here, the Debtor proposes to provide adequate protection to the SBA through (i) replacement liens on postpetition assets of the same type and nature as its prepetition collateral, including proceeds, to the extent any such liens are determined to be valid, perfected, and enforceable, and (ii) adherence to a budget governing the use of cash collateral, subject to a variance of up to thirty-five percent (35%). The Debtor will provide such budget to the Court prior to the hearing on this Motion. These protections ensure that the SBA's interest, to the extent properly perfected, will not be diminished during the pendency of these proceedings. The value of the SBA's collateral is, moreover, inherently dependent on the Debtor's continued operations, as the Debtor is a going concern whose receivables and related proceeds are generated through the ongoing provision of healthcare services. Any interruption in those operations would diminish, rather than protect, the collateral base, and permitting the use of cash collateral therefore preserves the status quo and directly advances the protections contemplated by section 363.

**IV.    Conclusion**

WHEREFORE, the Debtor respectfully pray this Honorable Court (i) permit the Debtor to use cash collateral on an interim and final basis; (ii) grant replacement liens to the US Small Business Administration, to the extent of any valid, perfected, and enforceable prepetition liens,

as adequate protection; and (iii) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 17, 2026          By:    /s/ Christianna A. Cathcart
                                      Christianna A. Cathcart, Esq.
                                      Bar No. ND0008
                                      The Belmont Firm
                                      1050 Connecticut Avenue, NW
                                      Suite 500
                                      Washington, DC 20036
                                      Phone: (202) 655-2066
                                      christianna@dcbankruptcy.com
                                      *Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Christianna A. Cathcart
Christianna A. Cathcart