Christianna A. Cathcart, Esq.
Bar No. ND0008
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 26-00183 |
| | ) | (Chapter 11) |
| Life Stride, Inc. | ) | |
| | ) | |
| Debtor. | ) | |

**<u>OPPOSITION TO MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE</u>**

Comes now Life Stride, Inc. ("Life Stride" or the "Debtor"), by and through undersigned counsel, in opposition to the U.S. Trustee's Motion to Convert or Dismiss Chapter 11 Case (the "Motion," as found at DE #59), filed by the United States Trustee (the "UST"), and states as follows:

## I. Introduction

Life Stride acknowledges that its monthly operating reports for June, July, and August 2026 were not timely filed. The Debtor is filing those reports contemporaneously with this Opposition, together with its September 2026 report, thereby addressing the reporting deficiency identified in the Motion. And while Life Stride respects and appreciates the UST's Motion—and does not take lightly the obligation the Motion seeks to enforce—the Debtor respectfully suggests that the belated filings, to the extent they constitute "cause" for conversion or dismissal, ought to be "excused." For the reasons set forth *infra*, the Debtor respectfully urges that the Motion be denied.

## II. Standard

The Bankruptcy Code provides that matters under chapter 11 may be converted or dismissed, after notice and a hearing, for "cause." 11 U.S.C. § 1112(b)(1). The same statutory provision then goes on to non-exhaustively delineate what may constitute such cause, including, *inter alia*, "(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter. . ." 11 U.S.C. § 1112(b)(4).

Once a party in interest has filed a motion seeking conversion or dismissal, and has then proceeded to establish cause (whether an enumerated or unenumerated ground), the burden shifts to the debtor:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that-- (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)-- (i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

Additionally, in lieu of converting or dismissing a case, a court has the option of appointing a trustee if such "is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

## III. Argument

The Debtor does not dispute that its monthly operating reports were late, nor does it suggest that bringing them current, standing alone, ends the inquiry. Section 1112(b)(4)(F) does not, however, create a bright-line rule whereby tardy filings *ipso facto* give rise to conversion or

dismissal; the statutory provision, rather, relies on notions of equity, providing that "cause" exists only where the tardiness is not subsequently "excused." As has been aptly observed: "The non-filing of required reports must be 'unexcused,' therefore indicating that the court has discretion to determine whether the debtor's failure rises to the level of cause." *In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 716 (Bankr. D. Md. 2011). This Court has likewise recognized as much in the subchapter V context. While emphasizing the importance of timely operating reports, the Court has explained that it "is not in the habit of dismissing cases solely due to outstanding or tardily filed operating reports," expressly observing that "[i]f this were the Debtor's only indiscretion, the result may have been different." *In re Barnette*, No. 24-00111-ELG, 2026 Bankr. LEXIS 1708, at *9 (Bankr. D.D.C. July 8, 2026) (dismissing case on additional grounds).

Read together, this Court's decisions draw a consistent line: dismissal has followed where a debtor offered no justification for its delinquency, and that delinquency was compounded by more. *See In re Papardelle 1068, Inc.*, No. 19-00554, 2020 Bankr. LEXIS 2863, at *3–7, *9 (Bankr. D.D.C. Oct. 13, 2020) (denying reconsideration of dismissal where repeated reporting delinquencies lacked reasonable justification and were compounded by management's poor compliance history and renewed delinquency after the hearing); *Barnette*, 2026 Bankr. LEXIS 1708, at *9–10 (dismissing principally on independent grounds where the debtor also offered no excuse for his reporting delinquency).

Here, the Debtor's lapse spanned a discrete period and was the product of circumstance, not indifference. During the months in question, the Debtor was completing the wind-down of its residential program and transitioning each resident to alternative care without interruption. Its limited administrative resources were, of necessity, directed to that undertaking, and the preparation of the reports was correspondingly delayed. Even so, the Debtor did not simply fall

silent. In the course of preparing its outstanding reports, the Debtor sought guidance from both the Subchapter V Trustee and the UST concerning the proper methodology for reporting disbursements across its accounts, all while amending its April and May 2026 reports and furnishing updated bank reconciliations. The Debtor does not suggest that this exchange extended any deadline. It does, however, reflect a debtor endeavoring to report accurately and cooperating with the UST—not one disregarding its obligations.

Nor would conversion or dismissal serve the creditors whose interests section 1112(b) protects, and the circumstances of this case are, in this respect, decidedly unusual within the meaning of section 1112(b)(2). As the Debtor's plan and liquidation analysis make plain, a chapter 7 liquidation would yield nothing beyond the lien of the U.S. Small Business Administration, while the plan proposes meaningful distributions funded by the Debtor's continuing community-based operations. Dismissal would fare no better, inviting enforcement of that same lien and the collapse of the very operations from which creditors are to be paid. Either outcome would, moreover, imperil the continuity of care for the vulnerable population the Debtor serves. And with an amended plan forthcoming, there exists a reasonable likelihood that a plan will be confirmed "within a reasonable period of time." 11 U.S.C. § 1112(b)(2)(A).

**IV. Conclusion**

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) deny the Motion; or, in the alternative, (ii) enter an order conditioning the continuation of this case upon the Debtor's timely filing of all future monthly operating reports; and (iii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: October 21, 2026

By: /s/ Christianna A. Cathcart

Christianna A. Cathcart, Esq.
Bar No. ND0008
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of October 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Christianna A. Cathcart
Christianna A. Cathcart