**UNITED STATES BANKRUPTCY COURT**

**FOR THE [DISTRICT OF COLUMBIA]**

FILED
OCT 2 1 2026
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**In re:**
Life Stride, Inc.,
Debtor.

Case No.: 26-00183-ELG
Chapter 11

**LIMITED OBJECTION TO UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS AND REQUEST FOR ALTERNATIVE RELIEF**

COMES NOW, Gary L. Priest, an employee/contractor and creditor of the Debtor, appearing pro se, and submits this Limited Objection to the United States Trustee's Motion to Convert the Debtor's Chapter 11 Case to Chapter 7 or, Alternatively, to Dismiss the Case. In support, Creditor states as follows:

**I. Background**

1. Creditor is a former or current employee of the Debtor and holds a claim exceeding $40,000 for wages earned before and after the commencement of this bankruptcy proceeding.
2. During this proceeding, the Bankruptcy Court entered an order addressing payment of prepetition employee wages. Pursuant to the payment arrangements implemented in the bankruptcy case, the Debtor commenced making payments toward Creditor's outstanding wages.
3. The Debtor subsequently ceased making those payments, leaving a substantial balance unpaid.
4. Creditor understands that the Debtor has also failed to file required monthly operating reports for approximately three consecutive months.
5. Notwithstanding these circumstances, the Debtor continues to operate its business.
6. The United States Trustee has moved to convert this proceeding to Chapter 7 or, alternatively, to dismiss it.

**II. Grounds for Limited Objection**

**A. Creditor does not dispute that cause may exist for relief under 11 U.S.C. § 1112(b).**

7. The Debtor's failure to comply with applicable court orders and reporting obligations may constitute cause under 11 U.S.C. § 1112(b)(4).

8. Creditor does not seek to excuse the Debtor's noncompliance or permit the Debtor to continue operating indefinitely without accountability to its creditors.

9. Rather, Creditor requests that the Court select the remedy most likely to preserve estate value and protect the legitimate interests of creditors, particularly employees whose unpaid wages remain outstanding.

**B. Dismissal may materially prejudice creditors holding unpaid wage claims.**

10. Under 11 U.S.C. § 1112(b)(1), the Court must consider the best interests of creditors and the estate in determining whether conversion or dismissal is appropriate.

11. Dismissal would terminate the collective bankruptcy administration process and could require employees and other creditors to pursue separate collection remedies against the Debtor.

12. Because the Debtor continues operating, there may be business assets, receivables, revenues, or other sources of recovery that warrant examination before the case is dismissed.

13. Without sufficient information regarding the Debtor's financial condition, Creditor submits that dismissal should not be ordered without considering whether conversion or other appropriate relief would better protect creditors.

**C. The existing wage-payment arrangements warrant examination and appropriate enforcement.**

14. The Debtor previously made payments toward Creditor's unpaid wages in connection with this bankruptcy proceeding and subsequently stopped.

15. Creditor requests that the Court determine the status and effect of its prior wage-payment order, including whether the Debtor has failed to comply with any mandatory payment obligations.

16. To the extent the Debtor has violated an enforceable court order or confirmed plan, Creditor requests that the Court consider appropriate enforcement or other relief within its jurisdiction.

17. Creditor further requests that the unpaid wage claim receive the priority, if any, to which it is entitled under 11 U.S.C. § 507 and other applicable provisions of the Bankruptcy Code.

**D. Conversion or independent administration may better protect creditors than dismissal.**

18. The Debtor's continuing operations, failure to submit financial reports, and cessation of wage payments raise substantial concerns regarding financial accountability and the protection of creditor interests.

19. Conversion to Chapter 7 would permit an independent trustee to investigate the Debtor's financial affairs, examine available assets and potential causes of action, and administer any recoverable estate property for the benefit of creditors.

20. Alternatively, if the Court determines that continued Chapter 11 administration is legally appropriate and financially feasible, Creditor requests consideration of appropriate safeguards, including financial reporting, enforcement of applicable payment obligations, and independent oversight where authorized.

21. Creditor submits that the Court should not dismiss this case merely because the Debtor has failed to comply with its obligations, without first determining whether dismissal would prejudice creditors compared with available alternatives.

**III. Request for Relief**

WHEREFORE, Creditor respectfully requests that this Court:

A. Recognize Creditor's standing as a party in interest pursuant to 11 U.S.C. § 1109(b);

B. Deny the United States Trustee's request for dismissal unless the Court determines, on an adequate record, that dismissal is in the best interests of creditors and the estate;

C. Consider conversion to Chapter 7 if the Debtor cannot demonstrate a legally sufficient basis for continued Chapter 11 administration;

D. Consider such alternative relief as may be appropriate to protect creditors, including independent administration or additional financial oversight;

E. Determine or preserve for appropriate adjudication the enforceability of the prior wage-payment order and Creditor's rights arising from the Debtor's cessation of payments;

F. Preserve Creditor's right to assert the amount, priority, and enforceability of the unpaid wage claim in this or any subsequent proceeding; and

G. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Gary L. Priest

Creditor, Pro Se

5410 Catalpha Road, Baltimore, MD 21214
glp21@yahoo.com
(443) 271-9330

Date: October 21, 2026

---

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2026, I served a copy of the foregoing Limited Objection upon the United States Trustee, counsel for the Debtor, and all other parties required to be served, by Serving Notice to the Clerk of the Bankruptcy Court of the District of Columbia, in accordance with the applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules.

Gary L. Priest